**Morris B. MYERS, Appellant,**

v.

**Joseph M. BUTLER and Ellsworth E. Evans, Appellees.**

No. 76–1903.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1977.

Decided May 2, 1977.

Rehearing Denied June 28, 1977.

Morris B. Myers, pro se.

William G. Porter, Rapid City, S. D., for appellees.

Before LAY and HENLEY, Circuit Judges, and NANGLE, District Judge.*

PER CURIAM.

Morris B. Myers appeals from a final judgment entered pursuant to a directed verdict granted at the close of appellant's case. Appellant had brought suit, with jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, alleging professional negligence and breach of warranty on the part of appellees. These claims were based on

* JOHN F. NANGLE, District Judge, Eastern District of Missouri, sitting by designation.

appellees' representation of appellant in state criminal proceedings.

Appellant, who had been an attorney, was charged by indictment in 1972 with the crime of embezzlement; appellant was also charged by information with the misdemeanor of transferring property to defraud creditors. Appellant was convicted of the embezzlement charge, following a jury trial. This conviction was appealed and upheld. *State v. Myers*, 220 N.W.2d 535 (S.D. 1974). Post-conviction relief was denied. Appellant thereafter pleaded guilty to the charge of transferring property to defraud creditors. Appellant contends that appellees were negligent in that they failed to properly present at the trial and appellate levels the defense that the money which appellant allegedly embezzled was, in fact, a loan to him and, accordingly, could not sustain a charge of embezzlement.

In connection with the alleged breach of warranty, appellant contends that appellees warranted that appellant would not receive a term of imprisonment if he pleaded guilty to the charge of transferring property to defraud creditors. Appellant, however, was sentenced to one year imprisonment, said sentence to run concurrently with the sentence received pursuant to the embezzlement conviction.

The facts underlying the embezzlement charge are set out fully in *State v. Myers, supra* at 537–38. Contrary to the appellant's contention that appellees never raised the loan issue, the Supreme Court of South Dakota was presented with the issue of the sufficiency of evidence to support a conviction of embezzlement. The court noted that it was for the jury to resolve the factual disputes and that the jury had obviously rejected appellant's version.

■ The Court has carefully reviewed the record and is left with the definite conclusion that appellees acted competently and ably at appellant's trial. The record fails to support any allegation that appellees did not raise all feasible issues on appellant's behalf.

■ Appellant's claim that appellees warranted that there would be no term of imprisonment were appellant to plead guilty to the charge of transferring property to defraud creditors is totally belied by the record. At the time of the guilty plea, appellant was carefully questioned by the trial court and the following exchange took place:

Q: [by court]: Now do you understand that no one can make any promises for the court as to how I will dispose of this case in the event either that you are found guilty by a jury or in the event that you plead guilty. Do you understand this?

A: [by appellant]: I do, your honor.

   \*    \*    \*    \*    \*    \*

Q: Has anyone promised you that I, as judge, will be easy on you?

A: No, your honor.

   \*    \*    \*    \*    \*    \*

Q: Have any promises or threats been made to induce you to plead guilty?

A: Only my lawyers advise me, your honor, that in the event of this plea that a recommendation would be made by the attorney general's office by the state that in the event of a sentence it would be suspended—that would be the recommendation of the state.

Q: You understand that that recommendation by the state is in no way binding upon the court?

A: I understand that, your honor.

   \*    \*    \*    \*    \*    \*

Q: Do you realize that as of now this court does not know how I will dispose of this case in the event that you plead guilty? Do you understand that?

A: I do, your honor.

Appellant's own statements before the trial court establish that the claim of breach of warranty is totally without merit. Appellant has argued, however, that his responses above were false and that he was told to so lie in order that the guilty plea be accepted and the promised sentence rendered. If this were true, appellant would still not be able to prevail. Cf., *Kansas City Operating*

*Corporation v. Durwood*, 278 F.2d 354, 357 (8th Cir. 1960) (" \* \* \* anyone who engages in a fraudulent scheme forfeits all right to protection, either at law or in equity."); 74 Am.Jur.2d Torts § 46.

Appellant has failed to adduce sufficient evidence to prove a prima facie case on either claim. Accordingly, the judgment of the district court is affirmed.